# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JASON CHURCH and KATIE CHURCH, | ) ) ) |
| Plaintiffs, | ) ) No. 3:10-2741-CMC |
| vs. | ) ) |
| COMMERCIAL RECOVERY SYSTEMS, INC., | ) ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

## COMPLAINT

NOW COME the Plaintiffs, JASON CHURCH and KATIE CHURCH, by and through their attorney, JAMES M. ERVIN, and for their Complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiffs allege and state as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Blythewood, South Carolina.

4.      Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6.      On information and belief, Defendant is a corporation of the State of Texas, which is not licensed to do business in South Carolina and which has its principal place of business in Dallas, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.      On or about January 7, 2010, Defendant's representatives and/or employees, including, but not limited to Don Van ("Van") and Frank Allen ("Allen") began contacting Plaintiff Jason Church by telephone in attempts to collect the aforementioned alleged debt.

8.      Defendant's representatives and/or employees, including, but not limited to Van and Allen, continued to contact Plaintiff Jason Church at his place of employment by telephone in attempts to collect the aforementioned alleged debt, even after they were informed that he was not allowed to take telephone calls of that nature while he was working.

9.      In addition, Allen threatened to file a lawsuit against Plaintiff Jason Church personally, despite the fact that the debt allegedly was the sole obligation of his wife, Plaintiff Katie Church.

10.     Allen also verbally threatened Plaintiffs with an Internal Revenue Service audit and implied that Defendant would seize, sale and/or garnish Plaintiffs' property and wages, stating "You won't own a stick of gum for the next 20 years."

2

11.     In addition, Defendant sent an agent with a badge to repossess Plaintiffs' car, thereby implying that said agent was a police officer.

12.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Falsely representing or implying that Defendant is vouched for, bonded by, or affiliated with the United States government or any state government, in violation of 15 U.S.C. § 1692e(1);

    b.  Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    c.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d.  Communicating with Plaintiff Jason Church at his place of employment after he advised Defendant that his employer prohibited him from receiving such phone calls while he is working, in violation of 15 U.S.C. § 1692c(a)(3); and

    e.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13.     As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, JASON CHURCH and KATIE CHURCH, respectfully pray for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Attorney for Plaintiffs
PO Box 6276
Columbia, SC 29260-6276
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com